IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN A. REAVIS, )
)
Petitioner, )
)
v. ) 1:15CV908
)
FRANK PERRY, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Letter concerning his state court criminal convictions. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it appears that Petitioner seeks to attack his state court criminal convictions. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. For this reason, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner does not name his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Frank Perry, who is currently the Secretary of Public Safety, as Respondent.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this Petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). The Petition was not filed in a proper district. Under 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497(1973). In this case, it appears that Petitioner is presently in custody in Anson County, North Carolina, in the Western District of North Carolina. It further appears that Petitioner was convicted and sentenced in the Superior Court of New Hanover County, within the territorial jurisdiction of the United States District Court for the Eastern District of North Carolina. Petitioner should seek the proper forms from the Clerk of that district and file a habeas petition in that district. The address for the Clerk is: 310 New Bern Ave., Room 574, Raleigh, NC 27601. Further, in accordance with § 2241(d), 28 U.S.C. § 1406(a), and the Joint Order of the United States District Courts for the Eastern, Middle, and Western Districts of North Carolina, a § 2254 Petition filed by Petitioner in this District would be transferred to the United States District Court for the Eastern District of North Carolina. If Plaintiff files a § 2254 Petition in this District, he should address whether the case should be transferred to the Eastern District of North Carolina.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and is filed in the proper district.

This, the 2nd day of November, 2015.

_____
Joe L. Webster
United States Magistrate Judge